JUDGE ENGELMAYER

12 CV 7426

DEALY & SILBERSTEIN, LLP
William J. Dealy (WD 9776)
Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs Daniel Kane, Jr., Oscar
Gonzales, Charles Machadio, Richard Bylott,
Myra Gordon and Vincent Pacifico as Trustees
of the United Teamster Fund and as Trustees
of the United Teamster Pension Fund "A"*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DANIEL KANE JR., OSCAR GONZALES,
CHARLES MACHADIO, RICHARD BYLOTT,
MYRA GORDON and VINCENT PACIFICO as
TRUSTEES OF THE UNITED TEAMSTER
FUND and as TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A,"

Case No.:

OCT 03 2012

U.S.D.C.
CASHIERS

**COMPLAINT**
ECF ACTION

Plaintiffs,

- against -

JURY TRIAL DEMANDED

A.J. TRUCCO, INC.,

Defendant.
-------------------------------------------------------------X

Plaintiffs, DANIEL KANE, JR., OSCAR GONZALES, CHARLES MACHADIO,

RICHARD BYLOTT, MYRA GORDON AND VINCENT PACIFICO as TRUSTEES OF THE

UNITED TEAMSTER FUND and as TRUSTEES OF THE UNITED TEAMSTER PENSION

FUND "A," (collectively, the "Plaintiffs" and/or "Trustees"), by their attorneys, Dealy & Silberstein,

LLP, complaining of Defendant A.J. TRUCCO, INC. ("A.J. Trucco"), hereby allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.    This is a civil action brought against Defendant A.J. Trucco pursuant to the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

1132(e)(1), 1132(f), 1145; and the Labor Management Relations Act of 1947, as amended

("LMRA"), 29 U.S.C. § 185(a), by employee welfare and pension benefit funds.

2.    This action seeks to recover, inter alia, delinquent health, welfare, and pension contributions

which are owed by Defendant A.J. Trucco on behalf of A.J. Trucco employees Richard Soto

for the months of November and December 2010 and November and December 2011 and

on behalf of A.J. Trucco employee Rodman J. Sambula for the month of January 2011.

3.    Jurisdiction of this Court is involved under the following statutes:

        a)    ERISA, in sections codified as 29 U.S.C. §§ 1132(e)(1), 1132(f) and 1145;

        b)    LMRA, in section codified as 29 U.S.C. § 185(a);

        c)    28 U.S.C. § 1331 (federal question); and

        d)    28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating
            commerce).

## VENUE

4.    Venue properly lies in this district pursuant to section 502(e)(2) of ERISA (29 U.S.C. §

1132(e)(2)).  Service of process may be made on Defendant A.J. Trucco in any other district

in which it may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

## THE PARTIES

5.    At all relevant times, the Trustees of the United Teamster Fund have administered the United

Teamster Fund (the "Welfare Fund").

2

6.    The Welfare Fund was established in 1949 by Declarations of Trust, which have been amended from time to time (the "Trust Agreements").

7.    At all relevant times, the Trustees of the United Teamster Pension Fund "A" have administered the United Teamster Pension Fund "A" (the "Pension Fund").

8.    The Pension Fund was established in 1957 by Trust Agreements, which have been amended from time to time.

9.    The Welfare Fund and the Pension Fund are referred to collectively herein as the "Funds."

10.   The Funds are "employee benefit plans" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1) and are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

11.   The principal place where the Funds are administered is 2137-2147 Utica Avenue, Brooklyn, New York 11234.

12.   The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds, pursuant to collective bargaining agreements between employers Local 202, International Brotherhood of Teamsters, AFL-CIO, (the "Union"). The Funds receive contributions from employers who are parties to collective bargaining agreements with the Union, invest and maintain those monies, and distribute pensions and health and welfare benefits to employees and to beneficiaries eligible to receive them pursuant to the Funds' plans.

13.   Upon information and belief, Defendant A.J. Trucco was at all relevant times a corporation duly organized under the laws of the State of New York, with its principal place of business

3

located at 223-225 Hunts Point Terminal Market, Row B, Bronx, New York 10474.

## FACTS

14.    At all relevant times, Defendant A.J. Trucco has been a party to a collective bargaining agreement with the Union (the "CBA") which covers, inter alia, the wages, terms, and conditions of employment for its employees who are working in covered employment.

15.    Pursuant to the CBA, the Trust Agreements and ERISA, at all relevant times, Defendant A.J. Trucco was obligated to remit monthly health, welfare and pension contributions and reports to the Funds on behalf of all its employees working in covered employment on or before the tenth (10th) day of each month, for all employees covered by the CBA, where an Employer-Employee relationship exists with said employees during the previous month.

16.    Pursuant to the CBA, at all relevant times, Defendant A.J. Trucco was similarly obligated to submit monthly contribution reports to the Funds describing the hours and days worked by each of its employees working in covered employment.

17.    Defendant A.J. Trucco has wilfully failed to remit the required health, welfare, and pension contributions on behalf of A.J. Trucco employees Richard Soto for the months of November and December 2010 and November and December 2011 and on behalf of A.J. Trucco employee Rodman J. Sambula for the month of January 2011. By wilfully failing to remit the health, welfare and pension contributions and reports to the Funds, Defendant A.J. Trucco has violated the terms of the CBA, the Trust Agreements and ERISA.

18.    Although demand has been made by the Funds for the past due contributions, Defendant A.J. Trucco has continued to fail to remit the same to the Funds.

4

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT A.J. TRUCCO-VIOLATIONS OF THE CBA, TRUST AGREEMENTS, AND PROVISIONS OF ERISA

19.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

20.    A.J. Trucco has failed to remit the required contributions and reports on behalf of A.J. Trucco employees Richard Sotofor the months of November and December 2010 and November and December 2011 and on behalf of A.J. Trucco employee Rodman J. Sambula for the month of January 2011, in the estimated cumulative amount of Seven Thousand Three Hundred Forty Two ($7,342.28) Dollars and Twenty Eight Cents.

21.    Said failure and refusal by A.J. Trucco to submit reports and make the required contributions for its employees constitutes a violation of A.J. Trucco's obligations pursuant to the CBA and the Trust Agreements, and is a violation, as well, of the provisions of ERISA and the LMRA. Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii) and 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

22.    Although payment has been duly demanded, Defendant A.J. Trucco has failed and refused to remit the aforementioned contributions owed on behalf of A.J. Trucco employees Richard Soto and Rodman J. Sambula..

23.    As a result of A.J. Trucco's violations of the CBA, the Trust Agreements and ERISA, the Funds may be required to deny benefits provided under the Funds' benefit plans to employees of A.J. Trucco working in covered employment for whom contributions have not been made, thereby causing said employee beneficiaries substantial and irreparable damage.

24.    Furthermore, the Funds may be required to provide said employee beneficiaries with

5

benefits, notwithstanding A. J. Trucco's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are properly being made, all to their substantial and irreparable injury.

25.    Defendant A.J. Trucco owes the Funds an amount to be determined at trial, but believed to exceed Seven Thousand Three Hundred Forty Two ($7,342.28) Dollars and Twenty Eight Cents.

26.    The Trust Agreements, referred to above, and ERISA provide for the assessment of liquidated damages as well as interest on the unpaid contributions, plus the expenses incurred by the Trustees arising out of the collection of such delinquent contributions, including attorneys' fees and filing fees.

27.    By reason of the foregoing, Plaintiffs have been damaged by A.J Trucco, and A.J. Trucco is liable to Plaintiffs for the delinquent health, welfare and pension contributions owed on behalf of A.J. Trucco employees Richard Soto for the months of November and December 2010 and November and December 2011 and on behalf of A.J. Trucco employee Rodman J. Sambula for the month of January 2011 in an amount to be determined at trial, but believed to exceed Seven Thousand Three Hundred Forty Two ($7,342.28) Dollars and Twenty Eight Cents; liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) of all of the unpaid contributions, whichever is greater; plus interest, reasonable attorneys' fees and the costs of this action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendant as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

a)   Award judgment in favor of Plaintiffs and against A.J. Trucco contributions owed on behalf of A.J. Trucco employees Richard Sotofor the months of November and December 2010, November and December 2011 and on behalf of A.J. Trucco employee Rodman J. Sambula for the month of January 2011 in the estimated cumulative amount of Seven Thousand Three Hundred Forty Two ($7,342.28) Dollars and Twenty Eight Cents;

d)   Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater;

e)   Award Plaintiffs interest, reasonable attorneys' fees, accounting fees, and the cost of this action; and

f)   Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 3, 2012

DEALY & SILBERSTEIN, LLP

By: _____

Milo Silberstein (MS 4637)
*Attorneys for Plaintiffs Daniel Kane, Jr.,*
*Oscar Gonzales, Charles Machadio,*
*Richard Bylott, Myra Gordon and Vincent*
*Pacifico as Trustees of the United Teamster*
*Fund and as Trustees of the United*
*Teamster Pension Fund "A"*
225 Broadway, Suite 1405
New York, New York 10007-3001
(212) 385-0066

7